# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FRANCINE W.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 1414 |
| v. | ) | |
| | ) | Magistrate Judge |
| MARTIN J. O'MALLEY, | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Francine W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.    PROCEDURAL HISTORY

On December 5, 2019, Plaintiff filed a claim for DIB, alleging disability since December 18, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a video hearing on April 12, 2022. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. At the hearing, Plaintiff amended her alleged onset date to June 29, 2019.

On June 2, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of June 29, 2019 through her date last insured of June 30, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease; obesity; rheumatoid arthritis; and diabetes mellitus. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: could occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could frequently reach in all directions, including overhead with both upper extremities; could frequently handle, finger, and feel with both upper extremities; and could tolerate occasional exposure to and work around extreme cold, heat, wetness, humidity, vibration, and hazards, such as moving machinery or unprotected heights. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a log truck driver or distributing clerk. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act at any time from the amended alleged onset date through the date last insured.

## **DISCUSSION**

## I.    **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.     JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to

a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.    ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly discounted Plaintiff's subjective symptom allegations; and (2) the ALJ's RFC assessment is inadequate in relation to the ALJ's conclusion that Plaintiff could frequently use her hands. Pertinent to the latter argument, as stated above, the ALJ determined that Plaintiff's rheumatoid arthritis constituted a severe impairment. (R. 17.) The ALJ noted medical evidence concerning Plaintiff's hand impairments at length in her decision. The ALJ noted,

*inter alia*, Plaintiff's allegations that "despite trying 11 different medications . . . the knuckle joints in her hands are damaged from rheumatoid arthritis which limits her ability to use her hands." (*Id.* at 19.) The ALJ further noted Plaintiff's reports that "[s]he continues to have pain bilaterally in her hands." (*Id.* at 20.) Nevertheless, the ALJ concluded that Plaintiff retained the residual functional capacity to "frequently handle, finger, and feel with both upper extremities." (*Id.* at 19.) Plaintiff contends that "[t]his assessment defies meaningful review because the ALJ failed to offer any explanation for how she arrived at this conclusion." (Pl.'s Memo. at 13.) The Court agrees.

An ALJ must "explain her finding that [a] Claimant is capable of frequent – as opposed to unlimited or occasional – handling and fingering." *Josette S. v. Kijakazi*, No. 20-CV-4602, 2023 WL 2477536, at *7 (N.D. Ill. Mar. 13, 2023). Here, the ALJ did not provide such an explanation. Rather, the ALJ bluntly concluded – without elaboration – that Plaintiff "could have frequently handled, fingered, and felt with both upper extremities." (R. 24.) Given the complete absence of analysis concerning this conclusion, the ALJ failed to build the requisite accurate and logical bridge. *See Esin A. v. Berryhill*, No. 18 C 1148, 2019 U.S. Dist. LEXIS 12724, at *12 (N.D. Ill. Jan. 28, 2019) ("[T]he ALJ did not build the requisite 'accurate and logical bridge' to support the RFC's handling and fingering restrictions."); *Nanet R. v. Kijakazi*, No. 20 C 3304, 2023 WL 3479181, at *4 (N.D. Ill. May 16, 2023) ("[T]he ALJ concluded that [the] medical evidence only supported a limitation of 'frequent' handling and fingering. This limitation appears to be arbitrary. Indeed, the ALJ

does not explain the medical basis for this determination whatsoever.") (citations omitted); *Lakisha R. v. Kijakazi*, No. 20 C 7574, 2023 WL 2374974, at *4 (N.D. Ill. Mar. 6, 2023) ("Overall, the ALJ's decision lacks sufficient analysis for the Court to determine . . . what led the ALJ to impose the RFC limitations on handling, fingering, and reaching."). The ALJ's error in that regard requires that this matter be remanded. *See Holly E. v. Kijakazi*, No. 22-CV-1026, 2023 WL 6230947, at *7 (S.D. Ill. Sept. 25, 2023) ("[R]emand is appropriate in this case for the ALJ to clarify the reasons he found Plaintiff could feel frequently with her hands and that she could 'frequently' perform gross manipulation with the bilateral upper extremities."); *Twyla N. v. Kijakazi*, No. 3:22-CV-50087, 2023 WL 2745629, at *5 (N.D. Ill. Mar. 31, 2023) ("[On remand] the ALJ must consider all the evidence relating to Plaintiff's hand impairments and sufficiently explain her reasons for the RFC limitations."); *Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) (finding remand necessary where "the ALJ did not identify a basis for why Kemplen could tolerate 'frequent' handling").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's subjective symptom allegations are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary remand [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                    **ENTERED:**

**DATE:**    **January 2, 2024**    _____
                                    **HON. MARIA VALDEZ**
                                    **United States Magistrate Judge**

9